# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONDRELL HIBBLER,

        Plaintiff,        Case No. 05-C-477

        v.

MARIE KING, LINDA FAIT,
HICKS and JAMES NAUTT,

        Defendants.

## OPINION AND ORDER

Dondrell Hibbler, a prisoner in state custody, is suing three prison social workers for defamation. He is seeking relief pursuant to 42 U.S.C. § 1983, and has asked the court to allow him to proceed without prepayment of fees and costs. See 28 U.S.C. § 1915. As ordered by the court, he has paid a partial filing fee. See Order of May 3, 2005.

Having reviewed Hibbler's Complaint, the court concludes that he has not stated a claim upon which relief can be granted. See Federal Rule of Civil Procedure 12(b)(6). He claims that the three social workers provided false testimony at a prison program review committee hearing and that, as a result, the length or restrictiveness of his sentence was changed. Hibbler is not seeking money damages for what he claims was defamation by the social workers. Therefore, it does not appear that he can claim relief under Section 1983. But even if he can, his claims would be barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994), which holds that a person

seeking relief for a wrongful conviction must first have the conviction overturned before he can sue for damages.

In his prayer for relief, Hibbler states only that: "I would like for the court to look into this matter of these false allegations that I am face [sic] with." In addition, when he is released from prison in September, he wants to be able to live alone, not in a halfway house. After hearing the alleged false testimony of the three social workers, Hibbler says that the program committee decided that he must live in a halfway house. Thus, it appears that Hibbler's claim is not for defamation, but for habeas corpus relief. See McCollum v. Miller, 695 F.2d 1044, 1046 (7th Cir. 1982) (habeas corpus is the proper remedy for getting from a more to a less restrictive custody). As a result, Hibbler cannot obtain relief under Section 1983 and this action must be dismissed. See generally Williams v. Wisconsin, 336 F.3d 576 (7th Cir. 2003).

Accordingly, the court ORDERS that this action IS DISMISSED without prejudice. See 28 U.S.C. § 1915A(b).

IT IS FURTHER ORDERED that Hibbler's "Petition for Leave to Proceed in Forma Pauperis" (filed April 27, 2005) IS DENIED.

IT IS FURTHER ORDERED that the Plaintiff's motion to stay this action (filed May 11, 2005) IS DENIED.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the Plaintiff's prison trust account the $244.46 balance of the filing fee by collecting monthly payments from the Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk

of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payment shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that a copy of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a judgment of dismissal as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Plaintiff Dondrell Hibbler brought this action against Defendants Marie King, Linda Fait, Hicks and James Nautt before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the court having dismissed Hibbler's claims,
>
> IT IS ORDERED AND ADJUDGED
>
> that this action is dismissed without prejudice.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 13th day of May, 2005.

    s/ Thomas J. Curran
    Thomas J. Curran
    United States District Judge